UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-65-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HERBERT V. HOOD, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Because the 3-day objection deadline has passed, Judge Ingram's recommendation that the Court accept Defendant Hood's guilty plea is ripe for adoption. DE 375 (Report & Recommendation). Hood also moves for release pending sentencing pursuant to 18 U.S.C. § 3145(c). DE 371 The Court, for the following reasons, adopts Judge Ingram's recommendation on the plea and denies Hood's motion for pre-sentence release.

*Adoption of Judge Ingram's Plea Recommendation*

After conducting Rule 11 proceedings, *see* DE 374 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Hood's guilty plea and adjudge him guilty of a lesser-included offense of Count One of the Second Superseding Indictment. DE 375 (Report and Recommendation); DE 72 (Second Superseding Indictment).[1] Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure *de novo* review

---

[1] Specifically, Hood pleaded guilty to conspiracy to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine. DE 377 ¶ 1 (Plea Agreement). The original charge was a level higher in terms of aggravated quantity.

1

from the undersigned. *See* DE 375 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

*Motion for Presentence Release*

Having accepted Hood's guilty plea, the Court now turns to his motion for release from custody pending sentencing. DE 371. The Court has assessed the record and sees no reason for a hearing. Hood is in custody pursuant to 18 U.S.C. § 3143(a). "A defendant . . . who has been found guilty and is awaiting sentencing, must be detained unless the judicial officer finds by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community." *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (citing § 3143(a)). Release of a person awaiting sentencing after pleading guilty to one of the offenses listed in § 3142(f)(1)(A-C) further requires the judicial officer to find either that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." § 3143(a)(2). Those later predicates plainly do not pertain.

Here, Hood pleaded guilty to conspiracy to distribute 50 grams or more of a substance containing a delectable amount of methamphetamine. DE 377. The statutorily mandated term of

imprisonment for that offense "may not be less than 5 years and not more than 40 years[.]" 21 U.S.C. § 841(b)(1)(B)(viii).[2] Because Hood pleaded guilty to an offense with a maximum term of imprisonment of more than ten years prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), he must satisfy one of the two § 3143(a)(2) requirements to now earn release. § 3142(f)(1)(C).

As the Government notes, he cannot do so. *See* DE 378 at 2 (Government's Response in Opposition). There is no potential that Hood will be acquitted on motion, or a new trial granted, and the Government is not recommending a sentence of no imprisonment. *See* § 3143(a)(2); DE 378 at 2. Accordingly, the Court finds release barred by § 3143(a)(2).

Additionally, Hood has not shown by clear and convincing evidence that he is not likely to pose a danger if released. § 3143(a)(2)(B). Undisturbed is Judge Ingram's detention finding in DE 118. Importantly, under the more forgiving pre-trial § 3142 rubric, Judge Ingram found Hood's "risk of danger . . . very serious." *Id.* at 5. Based on the criminal record, the evidence of danger relative to the crime charged, Hood's addiction, and his record of month-long meth binges, Judge Ingram detained Hood, finding there to be no conditions that would reasonably assure against danger.

Have things changed? Maybe some things have improved Hood's release case. He has stable sponsors for release and available housing and employment. He has been sober for 14 months. However, he also now stands *convicted*, not merely accused. He was a meth dealer in mid-2019 and now faces a mandatory minimum (though the safety-valve may affect that calculation). Further, he must surmount the sharply more exacting release standards of §§ 3143 &

---

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

3

3145(c). The long and worrisome history of crime and substance abuse persists as a negative release marker.

Given the record, the Court finds that Hood has not clearly shown that he would pose no danger. A different finding would be directly contrary to Judge Ingram's careful calculus and would ignore the chronic and troubling elements Judge Ingram found persuasive. As noted, because of the presumption crime, of course, § 3143(a)(2) commands detention here.

Hood attempts to sail the narrow straits of § 3145(c), citing his physical status (ex-smoker, pre-diabetic, hypertensive) and ubiquitous COVID-19 dangers as an exceptional combination. The lengthy pre-trial period, record of stability at the Laurel jail, and the expanding reach of vaccination availability all cut against the argument.[3] In the Court's view, Hood presents, generically, medical complaints not atypical of many District detainees and of many District residents. Ultimately, the Court does not view the (undoubtedly improving) COVID milieu and Hood's particular profile as clearly proving exceptional reasons why Hood's detention would not be appropriate. He has been in custody without any evident health complications for the duration of the pandemic. Nothing convinces the Court of a proper exception to the statutory mandate of detention.

Accordingly,

1. The Court, with no objection from any party and on full review of the record, **ADOPTS** DE 375, **ACCEPTS** Hood's guilty plea, and **ADJUDGES** him guilty of the lesser included offense of Count One of the Superseding Indictment (DE 72), to wit,

---

[3] The Court has closely tracked Laurel's status over the course of many cases in 2020 and 2021. The jail has effectively managed the population to reduce the risk of COVID-19 a) being introduced and b) spreading. Further, contrary to counsel's arguments, the jail has offered vaccinations to interested detainees.

conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine;

2. Further, per Judge Ingram's unopposed recommendation and Defendant's concession (DE 375 ¶4) the Court provisionally **FINDS** that the property identified in the operative indictment (DE 72 at 4-5) is forfeitable and that Hood has a forfeitable interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court will issue a separate sentencing order;[4] and

4. The DE 371 Motion is **DENIED**.

This the 11th day of May, 2021.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[4] At the hearing, Judge Ingram remanded Hood to custody. *See* DE 374. This was his status pre-plea. DE 118.